**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**BRIDGEPORT DIVISION**

------------------------------------------------------------x
:
In re:                                                    :        Chapter 11
:
Todd J. Peterson,                                         :        Case No.: 09-50241 (AHWS)
    Debtor.                                               :
:
:
:
:
Audry Peterson                                            :
    Movant                                                :
v                                                         :
Todd J. Peterson                                          :
    Respondent                                            :
------------------------------------------------------------x


APPEARANCES:

Ellery E. Plotkin, Esq.                                   Attorney for Movant
777 Summer St.                                            Audry Peterson
Stamford, CT 06901


Ira B. Charmoy, Esq.                                      Attorney for debtor
Zeldes Needle & Cooper
1000 Lafayette Blvd.
P.O. Box 1740
Bridgeport, CT 06601


**MEMORANDUM AND ORDER ON MOTION**

**FOR RELIEF FROM STAY PURSUANT TO 11 U. S. C. § 362(b)(2)(C)**

Alan H. W. Shiff, United States Bankruptcy Judge:

    The movant, Audry Peterson, seeks relief from the automatic stay to permit her

to return to the Connecticut Superior Court to obtain alimony, other support, and possession of the marital home.

## BACKGROUND

On January 14, 2009, Audry Peterson ("the movant") commenced an action for the dissolution of her marriage to the debtor and other relief in the Connecticut Superior Court for the Judicial District of Stamford/Norwalk (# FST FA 09-4015636-S). On February 13, 2009, the debtor commenced this chapter 11 case. The instant motion for relief from the automatic stay was filed on March 20, 2009, so that the movant could return to the state court for orders:

1. "withholding of the [debtor]'s income that is property of the estate for the payment of domestic support obligations, Bankruptcy Code § 362(b)(2)(C);" see Movant's Motion at ¶ 13, and

2. providing:

    (a) support,

    (b) alimony,

    (c) exclusive possession of the marital residence,

    (d) educational support,

    (e) medical support and continuation of health insurance, and

    (f) ". . . for the collection of any such domestic support orders against exempt property, and to allow the Superior Court to direct the withholding of income of the [debtor] that may be property of the estate."

*Id.* at ¶ 14.

At a March 17, 2009 hearing, the parties narrowed the issues to whether, as the debtor argued, the exception to the automatic stay provided by § 362(b)(2)(C) is limited to instances where a spouse had obtained an order for a domestic support obligation prior to the commencement of a bankruptcy case.

## DISCUSSION

Before considering the reach of § 362(b)(2)(C), a brief mention of the nature of the relief sought by this motion is warranted. The automatic stay will not bar a spouse from "the commencement or continuation of a civil action" . . . "(ii) for the establishment or modification of an order for domestic support obligations". § 362(b)(2)(A)(ii). The automatic stay, however, will prevent a spouse from seeking "to determine the division of property that is property of the estate". § 362(b)(2)(A)(iv).

The parties do not dispute that the automatic stay will not bar the movant from seeking a state court order for the items in this motion that relate to her support or the support of her children. *See, supra,* at 2*,* items (a), (b), (d), (e), and (f). As to those items, the debtor's motion apparently seeks a comfort order. Nor is it disputed that the automatic stay does prevent her from seeking a state court order for exclusive possession of the marital residence. *See, supra*, at 2, item (c); *see also* § 362(a)(3) and (b)(2)(A)(iv). As noted, the remaining issue relates to the establishment of a state court order for "the withholding of the [debtor's] income that is property of the estate . . . for the payment of a domestic support obligation . . . ."

The debtor's attorney argues that:

> § 362(b)(2)(B) and § 362(b)(2)(C) appear to be in conflict, since § 362(b)(2)(B) precludes collection of a support obligation from the property of the estate, while § 362(b)(2)(C) allows the withholding of income (property of the estate in a chapter 11) under a judicial, administrative order or statute. . . . The Debtor believes that in order to harmonize the two seemingly conflicting Code sections, § 362(b)(2)(C) has to allow a wage deduction only if there are existing support orders in place at the commencement of the chapter 11 filing.

Debtor's Mem. in Opp'n at 3-4.

The apparent logic of that argument is that since § 1334(e) of title 28 states that the district court (and therefore the bankruptcy court[1]), "shall have exclusive jurisdiction . . . of all property . . . of the debtor as of the commencement of the case, and of property of the estate" and since BAPCPA[2] has redefined property of a chapter 11 estate to include income,[3] it should follow that the exceptions to the automatic stay must be limited to the collection of domestic support obligations ordered *before* bankruptcy. That logic is defeated by a holistic reading of BAPCPA. *See generally Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 226 (2d Cir. 2002) (Walker, C.J., concurring) ("In interpreting Congress's statutory commands, courts should look not simply to the text of the particular provision at issue but also to the framework of the statute and the text or related provisions which provide the context for it.") (citing *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)). At the same time BAPCPA included income (stated as "earnings from services") as property of the estate, it also expressly stated that the automatic stay does not bar the withholding of that property for the payment of a domestic support obligation. *Compare* § 1115(a), *with* § 362(b)(2)(C), *and* H.R. Rep. NO. 31, 109th Cong., 1st Sess. 214 (2005)(stating that revision to §

---

[1] See the September 21, 1984 Order of Chief Judge Daly of this District that referred to the "Bankruptcy Judges for this District" *inter alia* "all proceedings arising under Title 11, U.S.C., or arising in . . . a case under Title 11, U.S.C. . . ."

[2] "BAPCPA" is the acronym for the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[3] Specifically, § 1115(a)(2) states "earnings from services performed by the debtor . . . ."

362(b)(2) "permits the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation").

Moreover, the debtor's argument is premised on the assumption that the subsections (B) and (C) should be "harmonized". Yet, Congress drafted those subsections to be mutually exclusive rather than symbiotic. Subsection (B) provides for the *collection* of an *existing* obligation, regardless of whether it was created pre- or post-petition. *Cf.* §101(14A). Subsection (C), on the other hand, provides for "the withholding of income that becomes property of the estate"[4] as it is generated, which connotes a future activity(that is, taking an amount of income as it is created). Further, while subsection (B) relates to property that is not property of the estate, subsection (C) is restricted to specific estate property, *i.e.*, income.

BAPCPA was intended to strengthen the rights of a spouse and children by redefining their support as a "domestic support obligation" regardless whether "established or subject to establishment before, on, or *after*" bankruptcy. § 101(14A)(C) (emphasis added). The debtor's argument would nullify that goal. Indeed, unless motivated by acrimony, not uncommon in divorce proceedings, it is difficult to understand the debtor's motive in pressing his objection to the relief sought by the movant, since even if, *arguendo,* his construction of subsection (C) were sustainable, the movant could simply seek relief from the automatic stay for cause, *see* § 362(d)(1); and, it would be difficult to find a more compelling cause than the need for support, especially where children are involved. More to the point, subsections (A) and (C) of §

---

[4] As noted, income has been redefined by BAPCPA to be property of a chapter 11 estate. *See* § 1115(a).

362(b)(2), when read together, permit a spouse to commence an action or proceeding for the "establishment" of an order for domestic support obligations "with respect to the withholding of "income" from the defendant. That is precisely the relief sought here.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED, that the automatic stay does not bar the movant from seeking domestic support for herself and for her children as itemized in subsections (a), (b), (d), (e), and (f) of paragraph 14 of her motion; and

IT IS FURTHER ORDERED that the exception to the automatic stay provided by § 362(b)(2)(C) is not applicable to the marital residence. Therefore the relief from stay is denied on that basis; and

IT IS FURTHER ORDERED that the automatic stay does not apply to the movant seeking an order from the state court for the withholding of the debtor's income for the payment of domestic support obligations.

Dated at Bridgeport, Connecticut this 8th day of April 2009.

Alan H. W. Shiff
United States Bankruptcy Judge